February 6, 1860.

## SUPREME COURT—IN BANCO.

### C. R. BISHOP vs. NAMAKALAA AND KAHINUKAWA.

IN a case where error was alleged in the making of an award by the Board of Land Commissioners, the Court permitted evidence to be adduced, in order to ascertain whether such error existed or not upon the record of adjudication of the said Board, but not for the purpose of reviewing the decision of the Commission.

*Present*—Hon. E. H. ALLEN, G. M. ROBERTSON, JOHN II.

This is an action of ejectment to recover possession of the northerly part of the house lot or premises situated on the easterly side of King street, in Honolulu, and particularly described in Royal Patent No. 299, issued to Abner Paki on the 14th day of May, 1851.

C. R. Bishop *v.* Namakalaa and Kahinukawa.

The portion claimed is enclosed, and separated by a fence from the other portion or part of the said house lot as described in said Patent. The defendants plead the general issue. It was stipulated by the parties that the Supreme Court in Banco should try the cause.

It is admitted by the parties that the defendants were in occupation of the premises, and claimed the right of possession; and that they had had repeated notices by the plaintiff to quit during the last five years. It was also admitted that the Royal Patent No. 299, described as aforesaid, was issued to Paki, who had since deceased, and that the wife of the plaintiff was the only child and heir of Paki.

It was further stipulated that the defendants should have in Court all the rights and advantages which they could have, had they filed a bill in equity, for the conveyance to them of the said premises. The counsel for the defendants proposed to show that they held the property by right of prescription, alleging that they had been in undisputed possession more than thirty years. That in October, 1847, they had presented a claim to the Land Commission, and the same was heard in June, 1850, and that the award was issued to Paki Feb. 10, 1851, either fraudulently, or by error, as the testimony before the Land Commission did not sustain the award to Paki, but did sustain the claim to the defendants; and that, after Paki received the award, she had continued in possession, adversely, to the present time.

The counsel for the plaintiff contended that the award of the Land Commission was final, and objected to the introduction of testimony to invalidate it. The Court ruled that it was competent to introduce evidence to show that the award as recorded was not the same as agreed upon by the Commission, and that the Clerk had made an error in recording the judgment of the Commission. It appeared by the evidence before the Land Commission that the defendant, Kahinukawa, and Paki were claimants of the land in question, and that evidence was introduced to support the claims of each, and that the Board awarded the lot to Paki, and that a certificate of award was issued to him on the 10th Feb., 1851, signed by all the members of the Board; Mr. Justice Ii testifies that he signed it supposing it to

be in favor of Kahinukawa, one of the defendants ; after discovering the error, he applied to the members of the Board to correct the alleged error, but they did not reconsider it ; he then informed Kahinukawa that the award had been made to Paki, and advised her to appeal, which, however, she did not do.

The inference is that there was no mistake in the record, for Mr. Ii's testimony is that he brought the subject to the consideration of three of the Commissioners, and represented to them the error in making the award, which, it seems, by their omission to reconsider or alter the award, that they regarded it as rightfully and legally made. His testimony fully rebuts the presumption of error in the record, and clearly confirms the award as the judgment of the Board. Had it been a palpable error, as assumed, they would at once have corrected it; as they did not, it was doubtless their deliberate judgment that it should stand. The record of the Land Commission was admitted for the purpose of corroborating the evidence of error in the record, or error in the transcript.

For instance, if an award was issued to one who was not a claimant before the Land Commission, and for whose rights no evidence was introduced, it would be strong evidence of error; and for the purpose of sustaining the allegation of error in the record, the Court permitted evidence to be adduced, and not for the purpose of reviewing the decision of the Commission. The Court regard that as final, and they fully sustain the position taken in the case of Kukiiahu *vs.* William Gill, Haw. Rep., vol. 1, p. 54, in which Chief Justice Lee says :

"The Land Commission may have decided wrong, but if so, Gill or Kalua, both of whom had notice of the award, could have appealed to the Supreme Court, agreeably to the statute in such case made and provided. In that Court they could have shown fraud, want of title, or anything else affecting the case ; but it cannot be done here, under the circumstances. If we are to go into these cases anew, treating the awards of the Land Commission and the Supreme Court as nothing, then there is no security for any man's real estate—no rest for his title—and the whole Kingdom will be afloat."

In this case, if the party has suffered by a mistaken decision

of the Commission, they neglected to take the opinion of the Supreme Court which they could have had on their appeal. By this omission they lost the right of a re-hearing. The rights of all parties are far better subserved by adhering rigidly to the rules of law. If they are relaxed, there is no end to litigation and its burdens. With this view of the award of the Land Commission, the Court cannot entertain evidence in support of rights arising from prescription, or adverse possession prior to the date of the award. It will not be contended that rights of that character have arisen since that period.

Even by the evidence of the defendants themselves, they have had every opportunity to present their case, both before the Commission and by appeal before the Courts. Failing to do this, and also failing to show an error, or fraud in the record, the Court are clearly of opinion that plaintiff is entitled to judgment, with costs.

Let judgment be entered for possession of the premises as described in the petition of plaintiff, with costs.